IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GARY ALLISON, AS INDEPENDENT EXECUTOR OF THE ESTATE OF BARBARA ALLISON<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE TEXAS LLOYD'S,<br><br>Defendant. | §§§§§§§§§§§§§§ Civil Action No. 4:16-cv-00979-O-BP |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 35), filed August 31, 2017 with Brief and Appendix in Support (ECF Nos. 36–37). United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on February 2, 2017. ECF No. 14. After considering the pleadings of the parties, the summary judgment evidence, and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** summary judgment to Defendant on all claims as there exists no genuine issue of material fact, and Defendant is entitled to judgment as a matter of law.

### I. BACKGROUND

#### A. Procedural Background

On September 16, 2016, Plaintiff Gary Allison ("Allison") filed his Original Petition in the 67th Judicial District Court of Tarrant County, Texas. ECF No. 1-3 at 1. On October 21, 2016, Defendant Allstate Fire and Casualty Insurance Company ("Allstate") timely removed the suit to this Court. ECF No. 1.

On July 24, 2017, Allison filed a Motion for Leave to File Amended Complaint with Brief in Support (ECF No. 20) and Proposed First Amended Complaint (ECF No. 21). Allstate filed a Response in Opposition to Allison's Motion for Leave to File First Amended Complaint on August 1, 2017. ECF No. 23. Allison filed a Reply to Defendant's Response on August 4, 2017. ECF No. 25. By Court Order dated August 7, 2017 (ECF No. 27), Allison filed a supplement to his Motion for Leave to File Amended Complaint, which he filed on August 10, 2017. ECF No. 28. On August 31, 2017, Allstate filed a Motion for Summary Judgment with Brief and Appendix in Support. ECF Nos. 35–37. On September 21, 2017, Allison filed his Response to the Motion for Summary Judgment (ECF No. 48) with Brief/Memorandum in Support (ECF No. 39) and Appendix in Support (ECF No. 50). Allstate filed a Reply in Support of its Motion for Summary Judgment on October 5, 2017. ECF No. 54.

**B. Factual Background**

Allison purchased an insurance policy ("the Policy") from Allstate to insure his property located at 36 Linderhof Circle, Bedford, Texas ("the Property"). ECF No. 1-3 at 2. The Policy's "perils insured action" section states, in pertinent part,

> **Coverage A (Dwelling) and Coverage B (Personal Property):** We insure against physical loss to the property described in Coverage A (Dwelling) and Coverage B (Personal Property) caused by a peril listed below:
> 1. Fire and Lightning
> 2. Sudden and Accidental Damage from Smoke
> 3. Windstorm, Hurricane and Hail
>    This peril does not cover:
>    a. loss to the following:
>       1) cloth awnings, greenhouses and their contents, buildings or structures located wholly or partially over water and their contents.
>       2) radio and television towers, outside satellite dishes, masts and antennas, including lead-in wiring, wind chargers and windmills
>    b. loss caused by rain, snow, sand or dust, whether or not driven by wind, unless the direct force of wind or hail makes an opening in the

> roof or wall and the rain, snow, sand or dust enters through this opening and causes the damage.

ECF No. 38-B.

The Policy was effective from September 2, 2015 to September 2, 2016. *Id*. The Policy provided coverage for up to $227,560 in dwelling protection, with an applicable deductible of $2,275, all peril. *Id*. On or about March 23, 2016, Allison claims his Property "suffered incredible damage due to a wind and hail storm." ECF No. 29. On June 8, 2016, Allstate's outside adjuster inspected the home and gave an estimate of $3,679.74, which allowed for the replacement of the soffit and fascia on the left elevation, and the replacement of thirty missing and broken roof tiles on the left elevation. ECF No. 36. After applying the policy's deductible, Allstate issued payment for $1,404.14. *Id*. On July 3, 2016, Allstate had another adjuster re-inspect the Property, who determined that the damages claimed were not covered by the Policy. *Id*. Therefore, the second adjuster informed Allison that no additional payment would be made. *Id*. On July 30, 2016, Allison hired a public adjuster, Sovereign Adjusting Services, LLC, to inspect the Property. ECF No. 29. Allison's adjuster recommended a number of additional repairs to the exterior of the Property, and estimated a total cost of $39,361.22 for these repairs. *Id*.

## II. LEGAL STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry for the Court to make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment has the initial burden to prove there is no genuine issue of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To meet this burden, the movant must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. The citations to evidence must be specific, and "a party must support each assertion by citing each relevant page of its own or the opposing party's appendix." Local Civil Rules of the Northern District of Texas 56.5(c).

Because Allison's claims do not invoke a federal question, but instead assert jurisdiction based on diversity of citizenship, the Court applies the law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Under the *Erie* doctrine, [courts] are bound in diversity cases to apply the substantive law of the forum state as interpreted by the state's highest court." *Am. Nat. Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir. 2001) (citing *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)). The Court "look[s] to decisions of the state's highest court, or

in the absence of a final decision by that court on the issue under consideration, the court must determine in [its] best judgment, how the state's highest court would resolve the issue if presented with it." *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (internal quotations omitted).

## III. ANALYSIS

This action concerns Allison's claim under his Allstate homeowners policy. Allison asserts that Allstate underpaid him after a storm damaged his Property on March 23, 2016. Allison sues for breach of contract and three extra-contractual claims: violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, and breach of the common-law duty of good faith and fair dealing. As no dispute of material fact exists as to any of these claims, the undersigned recommends that summary judgment be granted for Allstate on all counts.

### A. Breach of Contract Claims

"An insured cannot recover under an insurance policy unless facts are pleaded and proved showing that damages are covered by [his] policy." *Employers Cas. Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1988), *overruled in part on other grounds by State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696 (Tex. 1996). However, an insured can recover where he suffers damage from both covered and non-covered perils. *Hamilton Properties v. Am. Ins. Co.*, 3:12-CV-5046-B, 2014 WL 3055801, at *4 (N.D. Tex. July 7, 2014), *aff'd*, 643 Fed. App'x. 437 (5th Cir. 2016) (applying Texas law). Under the doctrine of concurrent causes, the insured is entitled to recover the portion of the damage caused solely by the covered peril. *Hahn v. United Fire & Cas. Co.*, 6:15-CV-00218 RP, 2017 WL 1289024, at *8 (W.D. Tex. Apr. 6, 2017) (applying Texas law). The burden of proof is on the insured to segregate the damages attributable solely to the covered peril. *Wallis v. United Services Auto. Ass'n*, 2 S.W.3d 300, 303 (Tex. App.—San Antonio 1999, pet. denied).

"When covered and excluded perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage." *Lyons v. Miller Cas. Ins. Co.*, 866 S.W.2d 597, 601 (Tex. 1993). "Failure to provide evidence upon which a jury or court can allocate damages between those that resulted from covered perils and those that did not is fatal to an insured party's claim." *Nat'l Union Fire Ins. v. Puget Plastics Corp.*, 735 F. Supp. 2d 650, 669 (S.D. Tex. 2010) (applying Texas law); *see also Wallis*, 2 S.W.3d at 303 (holding that "an insured's failure to carry the burden of proof on allocation could not be immaterial because it is central to the claim for coverage"). Expert testimony concerning the proper allocation of damages between covered and excluded risks is not, however, necessarily required; evidence from lay witnesses can suffice. *Lyons v. Millers Cas. Ins. Co. of Texas*, 866 S.W.2d 597, 601 (Tex. 1993) (*citing United States Fidelity and Guar. Co. v. Morgan*, 399 S.W.2d 537, 540 (Tex. 1966)) (noting that "testimony of [the plaintiff] and her neighbors that there was no preexisting damage . . . constituted some evidence of the extent of damage attributable solely to the windstorm"); *see also Hahn*, 2017 WL 1289024, at *8 (denying the defendant insurer's summary judgment motion as the plaintiff insured submitted evidence that the subject roof had been repaired prior to the storm and had been in good condition).

Allstate raises the issue of the doctrine of concurrent causes and argues that Allison has not provided evidence that any damage estimated by Allstate resulted from the storm on March 23, 2016, as the Policy clearly indicates covered peril that *caused* property damage are recoverable. ECF No. 38-B. While the burden is not on Allstate to prove absence of such evidence, Allstate points out that Allison's sole expert witness, James P. McClenny, was unable to testify in deposition to the "date of the loss for the alleged damage" and testified "he did not do anything to determine that the storm at issue caused the alleged damaged he observed." ECF No. 38-C. In his

deposition, Mr. McClenny stated, "I don't believe I know what the date of loss was for this one," but confirmed he believed the damages were due to hail and wind. *Id.*; *see Hamilton Properties*, 2014 WL 3055801, at *6 (granting summary judgment because the expert and lay witnesses were unable to "establish the July Hailstorm as the sole cause or distinguish the damage it caused from other non-covered perils").

In his response to this argument, Allison argues that "the disparity between [Allstate's] estimate in the amount of $3,587.12, when compared to [Allison's] public adjuster's estimate in the amount of $39,361.22, alone serves to illustrate the unreasonable and improper nature of [Allstate's] investigation" which creates a "glaring fact issue." ECF No. 49. That would be the case if the issue Allstate raised on summary judgment concerned whether it had paid the proper amount for the damage to the Property. However, the argument Allstate raised concerning the doctrine of concurrent causes is not the extent of covered damage, but whether a covered event caused the additional damage at all. An estimate is only a description of existing damage, which could have resulted from any number of events that occurred prior to the date of the estimate, including another storm on a date that was not covered by the insurance policy at issue. It is Allison's burden to allocate the damage by proving some particular instances of damage that Allstate did not pay for and then proving that those instances resulted from a peril covered by the Policy. Generically noting a disparity in monetary estimates does not provide the required particularity needed for allocation or causation.

Allison argues that his public adjuster estimated approximately "30.48 clay tile roofing material; removal and replacement of 30 pound roofing felt; 5/8" plywood decking required pursuant IRC R803.1; drip edge; and roof and chimney flashing per R907.5, which requires that existing vent flashing, metal edgings, drain outlets, collars, and metal counterflashing shall be

reinstalled where rusted, damages, or deteriorated." ECF No. 29. However, Allison fails to evidence that the March 23, 2016 storm caused the damages that require the above-mentioned repairs. Instead, he argues that Allstate's adjuster estimate of $3,697.74 wrongfully and intentionally ignored objective evidence of the wind and hail storm. ECF No. 29. *See Soto v. Lloyds*, No. 5:15-CV-86, 2016 WL 6883174, at *5 (S.D. Tex. Aug. 19, 2016) ("[E]vidence of the undervaluation of a claim, by itself, is insufficient to raise a genuine issue of material fact as to an insurer's lack of objectivity in its investigation."). There is nothing in the record to suggest the Allstate adjuster's estimate ignored objective evidence or that it was unreasonable for Allstate to rely on its adjuster's reports in determining its payment to Allison.

As additional evidence of causation, Allison provides seventy-four photographs taken by his public adjuster showing damage to the Property. ECF No. 50. This evidence carries the same problems as the estimate—there is no explanation in the evidence of which photographs evince damage that resulted from a covered peril for which Allstate has not already paid. Allstate does not dispute that there was damage. Allstate argues, under the doctrine of concurrent causes, that Allison must provide summary judgment evidence that a covered event caused the additional damage and that Allstate did not properly reimburse his for that additional damage. Furthermore, Allison fails to address Allstate's contention that the allege damage "was not due to high winds, but instead caused by long-term decay, improper repairs, and animal intrusion," which would not be covered under the Policy. ECF No. 36. Allison has introduced no evidence—from lay or expert witnesses, through circumstantial evidence, or otherwise—of damage to the Property that resulted from the March 23, 2016, storm and for which Allstate should have paid under the Policy.

The burden of producing such evidence of causation by a covered peril is on Allison, according to *Wallis* and *Lyons*. Allison has not produced that evidence. As the court in *National*

8

*Union Fire Insurance* held, failure to allocate damages between those that resulted from covered perils and those that did not is fatal to Allison's claim. Accordingly, summary judgment should be granted to Allstate on the breach of contract claim.

### B. Extra-Contractual Claims

"The general rule is that an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy." *USAA Texas Lloyds Co. v. Menchaca*, 14-0721, 2017 WL 1311752, at *4 (Tex. Apr. 7, 2017); *see also Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005). The rationale for the general rule is that the Texas Insurance Code only allows an insured to recover actual damages "caused by" the insurer's statutory violation. Tex. Ins. Code § 541.151; *USAA Texas Lloyds*, 2017 WL 1311752, at *6. Courts have applied this general rule to other types of extra-contractual violations, including prompt payment of claims under Texas Insurance Code § 21.55, failure to fairly investigate, and bad-faith denial of claims. *USAA Texas Lloyds*, 2017 WL 1311752, at *4. Under Texas law, violations of the DTPA and Insurance Code "require the same predicate for recovery as bad faith causes of action in Texas. Plainly put, an insurer will not be faced with a tort suit for challenging a claim of coverage if there was any reasonable basis for denial of that coverage." *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) (citations omitted). The central question is whether "the jury finds that the policy entitles the insured to receive the benefits and that the insurer's statutory violation caused the insured to not receive those benefits." *USAA Texas Lloyds*, 2017 WL 1311752, at 7. Only then can the insured "recover the benefits as 'actual damages . . . caused by' the statutory violation," as well as recover for extra-contractual claims. *See id.* (quoting Tex. Ins. Code § 541.151).

An insured also can recover under the independent-injury rule in certain cases where the policy does not entitle the insured to benefits. *See Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (citing *Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 214 (Tex. 1988), *overruled by Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012)) ("We do not exclude, however, the possibility that in denying the claim, the insurer may commit some act, so extreme, that would cause injury independent of the policy claim."); *but see Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 709 F.3d 515, 521–22 (5th Cir. 2013) (noting that "in seventeen years since [*Stoker*] appeared, no Texas court has yet held that recovery is available for an insurer's extreme act, causing injury independent of the policy claim").

The Texas Supreme Court clarified the independent-injury rule in *USAA Texas Lloyds*, dividing it into two aspects. 2017 WL 1311752, at *11. The first aspect provides that:

> if an insurer's statutory violation causes an injury independent of the insured's right to recover policy benefits, the insured may recover damages for that injury even if the policy does not entitle the insured to receive benefits. . . . This aspect of the independent-injury rule applies, however, only if the damages are truly independent of the insured's right to receive policy benefits. . . . When an insured seeks to recover damages that "are predicated on," "flow from," or "stem from" policy benefits, the general rule applies and precludes recovery unless the policy entitles the insured to those benefits.

*Id.* (citations omitted). The second aspect "is that an insurer's statutory violation does not permit the insured to recover any damages beyond policy benefits unless the violation causes an injury that is independent from the loss of the benefits." *Id.* The Texas Supreme Court concluded that "[a]n insured cannot recover any damages based on an insurer's statutory violation unless the insured establishes a right to receive benefits under the policy or an injury independent of a right to benefits." *Id.*

Allison asserts three extra-contractual claims. ECF No. 29. He has not established a valid breach of contract claim, as stated above in Part I. As a result, the general rule, confirmed in *USAA*

*Texas Lloyds*, that the insured cannot recover for extra-contractual violations applies. The only exception would be if the independent-injury rule applies instead. However, Allison's claims of damages all "'are predicated on,' 'flow from,' or 'stem from' policy benefits," which precludes recovery under the independent-injury rule, as the Texas Supreme Court held in *USAA Texas Lloyds*. Accordingly, all three extra-contractual claims fail.

      i. <u>Deceptive Trade Practices Act Claims</u>

Allison brings several claims for violations of the Texas Deceptive Trade Practices Act pursuant to the Texas Business and Commerce Code and the Texas Insurance Code. ECF No. 29. Specifically, Allison claims Allstate (1) used or employed an act or practice in violation of the Texas Insurance Code; (2) unreasonably delayed the investigation, adjustment, settlement offer and prompt resolution of his claim; (3) failed to properly investigate his claim; and (4) hired and relied upon a biased adjuster. *Id*. However, Allison does not provide any evidence to support his claims but rather argues, "the fact that [Allstate] and [Allison's] estimated amounts differ to such an extreme degree is enough to raise a genuine issue of material fact" and that Allstate's "gross undervaluation of its claim constitutes an additional glaring violation of the [Texas Insurance Code]." ECF No. 49. However, these claims flow from his suit for breach of contract, and they do not support an independent injury to overcome summary judgment. Because Allison does not provide supporting evidence to raise a genuine issue of fact that he suffered an injury independent of his Policy, summary judgment should be granted on Allstate's DTPA claims.

      ii. <u>Texas Insurance Code Claims</u>

Allison sues for violations of the Texas Insurance Code. ECF No. 29. In response to Allstate's Motion for Summary Judgment, Allison claims he may pursue his claim under Chapter 542 of the Texas Insurance Code because Allstate refused to make timely payment once "liability

became reasonable clear." ECF No. 49. Allison relies primarily on *Graber v. State Farm Lloyds*, in which the District Court denied summary judgment for the defendant insurer, holding that the insurer, who paid a greater amount on a claim after an appraisal, could still be liable under the TPPCA. 3:13-CV-2671-B, 2015 WL 3755030, at *8 (N.D. Tex. June 15, 2015), *reconsideration denied*, 3:13-CV-2671-B, 2015 WL 11120532 (N.D. Tex. Aug. 6, 2015). Many other courts have held otherwise. *E.g. Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) (affirming summary judgment because there can be no liability under the TPPCA if the insurance claim is not covered by the policy); *Garcia v. Lloyds*, 514 S.W.3d 257, 275 (Tex. App.—San Antonio 2016, pet. denied) (noting that "[c]ontrary to [*Graber*] on which Garcia's [sic] relies, a long line of cases has held that full and timely payment of an appraisal award under the policy precludes an insured from recovering penalties under the Act as a matter of law"); *Stewart v. Geovera Specialty Ins. Co.*, CV H-14-3162, 2015 WL 12778800, at *3 (S.D. Tex. Oct. 21, 2015) (affirming summary judgment for the defendant insurer as "[n]umerous cases have held that 'timely payment of an appraisal award under the policy precludes an award of statutory penalties under the Texas Insurance Code chapter 542.'" (quoting *Bernstien v. Safeco Ins. Co. of Ill.*, 05-13-01533 CV, 2015 WL 3958282, at *1 (Tex. App.—Dallas June 30, 2015, no. pet.))).

The Texas Supreme Court resolved this dispute in *USAA Texas Lloyds* by including prompt payment of claims in the general rule that extra-contractual claims do not survive a failure of a breach of contract claim unless they prove an independent injury. 2017 WL 1311752, at *4–5 (citing *Boyd*, 177 S.W.3d at 922). Allison claims deceptive acts and practices under Chapter 541 and unfair processing and settlement of claims under Chapter 542, but none of these claims are independent of his breach of contract claim. *See Certain Underwriters at Lloyd's London v. Lowen Valley View, LLC*, No. 3:16-CV-0465-B, 2017 WL 3115142 (N.D. Tex. July 21, 2017) (finding

12

that because the breach of contract claim failed as a matter of law and the defendant did not provide evidence of injury independent from the policy, summary judgment on the Chapter 541 and 542 counterclaims should be granted). As a result, Allison's claim under the Texas Insurance Code does not survive the general rule barring extra-contractual claims without a breach of contract finding.

### iii. Breach of Good Faith and Fair Dealing Claims

Allison sues for breach of the common-law duty of good faith and fair dealing, claiming that Allstate breached this duty by underpayment of his claim. ECF No. 49. Under Texas law, there is a common law duty of good faith and fair dealing. *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50–51 (Tex. 1997). "The issue of the breach of the duty of good faith and fair dealing 'focuses not on whether the claim was valid, but on the reasonableness of the insurer's conduct' in handling the claim." *Aleman v. Zenith Ins. Co.*, 343 S.W.3d 817, 822 (Tex. App.—El Paso 2011, no pet.) (quoting *Lyons*, 866 S.W.2d at 601). A breach of the duty of good faith and fair dealing is established when: (1) there is an absence of a reasonable basis for denying or delaying payment of benefits under the policy and (2) the carrier knew or should have known that there was no reasonable basis for denying the claim or delaying payment of the claim. *Aranda*, 748 S.W.2d at 213.

In order to be sufficient, the evidence of bad faith needs to show that there was no reasonable basis for denial of the claim "by the facts before the insurer *at the time* the claim was denied." *Viles v. Sec. Nat. Ins. Co*., 788 S.W.2d 566, 567 (Tex. 1990) (emphasis added). Here, Allison has presented no summary judgment evidence showing Allstate acted in bad faith in regards to Plaintiff's claim. In fact, Plaintiff failed to respond to Allstate's contention that the

alleged damages were caused by "damage found to the soffit" and "long-term decay, improper repairs, and animal intrusion," not due to high winds. ECF No. 36.

The general rule excluding extra-contractual claims applies to bad-faith claims. *USAA Texas Lloyds*, 2017 WL 1311752, at *4; *Stoker*, 903 S.W.2d at 341. Allison's claim for bad faith relies entirely on Allstate's underpayment of his insurance claim, that is, the alleged breach of contract. The only recognized exceptions to this rule is if the insurer "commits some act, so extreme that would cause injury independent of the policy claim, or fails to timely investigate the insured's claim." *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 Fed. Appx. 366, 368 (5th Cir. 2012) (quoting *Stoker*, 903 S.W.2d at 341). "As a general rule there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered." *Stoker*, 903 S.W.2d at 341. Allison has not provided evidence of some other injury independent of his breach of contract claim or that Allstate failed to investigate his claim in a timely manner. Because the breach of common-law duty of good faith and fair dealing claim flows from his breach of contract claim, summary judgment with respect to Allison's claim for breach of the duty of good faith and fair dealing should be granted.

## IV. CONCLUSION

Allison has not established a valid breach of contract claim, as he has not provided any summary judgment evidence that a covered peril caused him additional damages, in order to satisfy the doctrine of concurrent causes. In the absence of a valid breach of contract claim, his remaining claims fail as well because of the general rule that the insured cannot recover for extra-contractual violations without a valid breach of contract claim. The only exception would be if the independent-injury rule applies instead. However, Allison's extra-contractual claims all are predicated on, flow from, or stem from Policy benefits, and thus they are not independent injuries.

14

As a result, Allstate is entitle to summary judgment on both Allison's breach of contract claim and his extra-contractual claims of violations of the DTPA, violations of the Texas Insurance Code, and breach of good faith and fair dealing.

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Motion for Summary Judgment (ECF No. 35) and enter summary judgment for the Defendant on all claims.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed October 16, 2017.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE